UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY S. JOHNSON, | No. C 09-3947 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| C.D.C. & R., | |
| Respondent. | |

Jeremy S. Johnson has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he appears to challenge the revocation of his parole. His petition is far from clear but appears to allege that his parole was revoked because "parole" fails to honor the trial judge's order regarding a modification of the restraining order prohibiting Johnson from contact with his wife. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Prisoners in state custody who wish to challenge either the fact or length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). Johnson has not done so; nor has he presented any exceptional circumstances to excuse his doing so. See id.

Johnson's petition shows that he has not filed a petition for review or a petition for writ of habeas corpus in the California Supreme Court concerning the parole revocation. See

Petition, p. 5. The California Supreme Court has not been given a fair opportunity to rule on the merits of his claims concerning his parole revocation. Johnson must file a petition in the California Supreme Court and give that court a fair opportunity to rule on the merits of all his claims before presenting his claims in a federal habeas petition.

For the foregoing reasons, the petition is DISMISSED without prejudice to Johnson filing a new habeas action after available state judicial remedies are exhausted. In light of the dismissal for non-exhaustion, the court does not reach the other problems in the petition, but notes the following problems for Johnson's benefit in the event he chooses to pursue his claims): (a) he has not alleged the violation of a provision of the constitution or laws or treaties of the United States, as he must to state a claim for which federal habeas relief may be granted and (b) he must name a proper respondent (such as the warden of the prison or the sheriff in charge of the jail) if he files another habeas petition.

The request for ruling filed by petitioner is DENIED. (Docket # 3.) The form petitioner submitted is for use in state court and the California Rule of Court cited in the form does not apply in federal court.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: March 23, 2010

_____
SUSAN ILLSTON
United States District Judge

2